# EXHIBIT A

Filings In *Gilbert et al. v. Kelly Services, Inc.*
Case No. 17-CV-11800
(Superior Court of Arizona, County of Maricopa)

COPY

AUG 3 1 2017

MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
David J. McGlothlin, Esq. (SBN 026059)
david@westcoastlitigation.com
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

*Attorneys for Plaintiff,*
Donald Gilbert

## SUPERIOR COURT OF ARIZONA
## COUNTY OF MARICOPA

| | |
|---|---|
| DONALD GILBERT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC.,<br><br>Defendant. | Case No.: CV2017-011800<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. VIOLATION OF THE FAIR WAGES AND HEALTHY FAMILIES ACT, A.R.S §23-375(C)<br>2. VIOLATION OF THE FAIR WAGES AND HEALTHY FAMILIES ACT, A.R.S §23-364 ET SEQ.<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///

CLASS ACTION COMPLAINT      1

## Introduction

1. DONALD GILBERT ("Plaintiff") brings this Class Action Complaint for damages and any other available legal or equitable remedies, resulting from the illegal actions of KELLY SERVICES, INC. ("Defendant") with regard to actions by Defendant who failed to pay Plaintiff for "earned paid sick time" and failed to provide proper notice regarding "earned paid sick time" to Plaintiff and the potential class members.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## Jurisdiction and Venue

5. Jurisdiction of this Court is proper because the events leading to Plaintiff's cause of action occurred in the County of Maricopa, in the State of Arizona and Plaintiff resides in the State of Arizona.

6. This action arises out of Defendant's violations of the Fair Wages and Healthy Families Act, A.R.S. §§23-375(C) and 23-364 et seq.

7. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper because the events leading to Plaintiff's cause of action occurred in the County of Maricopa, in the State of Arizona and Plaintiff resides in the State of Arizona.

## PARTIES

9. Plaintiff is a natural person who resides in the State of Arizona.

10. Defendant is a company located in Troy, Michigan, which provides services throughout the State of Arizona.

11. Defendant is a staffing agency for businesses throughout Arizona and other states.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff is an individual residing within the State of Arizona and within the County of Maricopa.

13. At all times relevant, Defendant conducted business within the State of Arizona.

14. Plaintiff has been an employee of Defendant Kelly Services, Inc. since August 22, 2016.

15. From July 1, 2017 to August 6, 2017, Plaintiff worked 180.75 hours for Defendant.

16. During this time period from July 1, 2017 to August 6, 2017, Plaintiff accrued six (6) hours of earned paid sick time because the Act allows employees to accrue one (1) hour of earned paid sick time for every 30 hours worked.

17. On or about July 16, 2017, after Plaintiff had accrued one hour of earned paid sick time, in an online note to Defendant, Plaintiff requested to use his accrued hours of sick time. Plaintiff requested that those hours be added to his paycheck.

18. Defendant did not respond to Plaintiff and did not add the paid sick time accrued by Plaintiff to Plaintiff's paycheck.

19. On or about August 6, 2017, in an online note to Defendant, Plaintiff requested to use his accrued hours of sick time. Plaintiff requested that those hours be added to his paycheck.

20. Plaintiff also pointed out to Defendant in the August 6, 2017 note that Defendant had failed to include his earned paid sick time accrued on his paystub for July 31, 2017 to August 6, 2017.

21. Defendant did not respond to Plaintiff and did not add the paid sick time accrued by Plaintiff to Plaintiff's current or subsequent paycheck.

22. Furthermore, on Plaintiff's August 11, 2017 paystub, Defendant indicated that Plaintiff had accrued 4.96 hours of earned paid sick time, when in reality, Plaintiff had accrued six (6) hours of earned paid sick time.

23. On or about August 20, 2017, in an online note to Defendant, Plaintiff requested to use his accrued hours of sick time. Plaintiff requested that those hours be added to his paycheck.

24. Defendant did not respond to Plaintiff and did not add the earned paid sick time accrued by Plaintiff to Plaintiff's current or subsequent paycheck.

25. To this day, Plaintiff has not been paid the earned paid sick time he accrued.

26. Furthermore, Defendant did not include an accounting of Plaintiff's earned paid sick time on his paychecks on July 14, 2017, July 21, 2017, July 28, 2017, and August 4, 2017.

27. Finally, on Plaintiff's August 11, 2017, August 18, 2017, and August 25, 2017 paychecks, Defendant included an accounting of Plaintiff's earned paid sick time, but it was wrong.

28. Defendant's failure to include an accounting of Plaintiff and class members' earned paid sick time on the July 9, 2017, July 16, 2017, July 23, 2017, and July 30, 2017 paychecks is a violation of A.R.S. §23-375(C).

29. Defendant's failure to include a proper accounting of Plaintiff and class members' earned paid sick time on the August 11, 2017 August 18, 2017 and August 25, 2017 paychecks is a violation of A.R.S. §23-375(C).

30. The failure by Defendant to give requested paid sick time earned by Plaintiff is a violation of A.R.S. §23-364(G).

31. As a result of Defendant's conduct set forth above, Plaintiff suffered economic damages in a form of unpaid sick time, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

### FIRST PROPOSED CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated pursuant to Arizona Rule of Civil Procedure, Rule 23.

33. Plaintiff is a member of the first proposed Class defined as:

> All persons with an address within the State of Arizona who were employed by Defendant and not given an accounting of earned paid sick time on their paycheck which violates A.R.S. §23-375(C) from July 1, 2017 to the filing of the Complaint in this action.

34. Plaintiff does not know the exact number of persons in the first proposed Class, but believes them to be in the dozens or hundreds, making joinder of all these actions impracticable. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted facts are learned in further investigation and discovery.

36. The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.

37. The identity of the individual members is ascertainable through Defendant's business records.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. All members of the Class

have been subject to the same conduct and their claims are based on the same or substantially similar failure to provide an accounting of earned paid sick time to class members. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a) Whether Defendant failed to provide an accounting of earned paid sick time on Defendant's employee's paystubs in violation of A.R.S. §23-375(C);

b) Whether members of the Class are entitled to injunctive relief.

39. Plaintiff will fairly and adequately protect the interest of the Class.

40. Plaintiff has no interest antagonistic to any member of the Class.

41. Plaintiff has retained counsel experienced in consumer class action litigation.

42. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving Defendant's failure to provide an accounting of earned paid sick time on Class members' paystubs.

43. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

44. A class action is a superior method for the fair and efficient adjudication of this controversy.

45. Class-wide damages are essential to restore monies wrongfully withheld from Plaintiff and the Class by Defendant for financial gain.

46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the class as a

whole.

47. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice.

48. This action will permit an orderly and expeditious administration of the claims of the Class, will foster economies of time, effort and expense, and will ensure uniformity of decisions.

## SECOND PROPOSED CLASS ALLEGATIONS

49. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated pursuant to Arizona Rule of Civil Procedure, Rule 23.

50. Plaintiff is a member of the second proposed Class defined as:

> All persons with an address within the State of Arizona who were employed by Defendant and were refused earned paid sick time requested which violates A.R.S. §23-364(G) from July 1, 2017 to the filing of the Complaint in this action.

51. Plaintiff does not know the exact number of persons in the second proposed Class, but believes them to be in the dozens or hundreds, making joinder of all these actions impracticable. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

52. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted facts are learned in further investigation and discovery.

53. The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.

54. The identity of the individual members is ascertainable through Defendant's business records.

55. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. All members of the Class have been subject to the same conduct and their claims are based on the same or substantially similar questions of law and fact regarding failure to give earned paid sick time. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:
    c) Whether Defendant failed to pay earned paid sick time to class members who requested earned paid sick time in violation of A.R.S. §23-364(G);
    d) Whether members of the Class are entitled to injunctive relief.
56. Plaintiff will fairly and adequately protect the interest of the Class.
57. Plaintiff has no interest antagonistic to any member of the Class.
58. Plaintiff has retained counsel experienced in consumer class action litigation.
59. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving Defendant's failure to pay earned paid sick time to class members who requested earned paid sick time.
60. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.
61. A class action is a superior method for the fair and efficient adjudication of this controversy.
62. Class-wide damages are essential to restore monies wrongfully withheld from Plaintiff and the Class by Defendant for financial gain.
63. Defendant has acted on grounds generally applicable to the Class, thereby

making appropriate final injunctive relief with respect to the class as a whole.

64. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice.

This action will permit an orderly and expeditious administration of the claims of the Class, will foster economies of time, effort and expense, and will ensure uniformity of decisions.

## COUNT I

### VIOLATION OF THE FAIR WAGES AND HEALTHY FAMILIES ACT, A.R.S. §23-375(C)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Defendant failed to provide a proper accounting of Plaintiff and class members' earned paid sick time.

67. Defendant failed to provide any accounting of Plaintiff and class members' earned paid sick time.

68. Plaintiff and class members were therefore not properly informed if and how much earned paid sick time they had accrued.

## COUNT II

### VIOLATION OF THE FAIR WAGES AND HEALTHY FAMILIES ACT, A.R.S. §23-364(G)

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Defendant failed to pay Plaintiff and class members earned paid sick time when requested by Plaintiff and class members in violation of A.R.S. §23-364(G).

71. This harmed Plaintiff because Defendant withheld money from Plaintiff that was owed to Plaintiff under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays that judgment be entered against Defendant for:

- Certifying a Class as asserted herein;
- General and special damages according to proof;
- Restitution damages according to proof;
- Costs of litigation;
- Pre-judgment damages according to proof;
- An award of reasonable attorney's fees, pursuant to A.R.S. §23-364(G);
- Injunctive relief as permitted by law or equity, enjoining Defendant from refusing to pay earned paid sick time in violation of A.R.S. §23-364(G);
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 31, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP**

By: _____
Ryan L. McBride, Esq.
Attorney for Plaintiff and
Putative Class

Person Filing: Ryan L. McBride
Address (if not protected): 2633 E. Indian School Road, Suite 460
City, State, Zip Code: Phoenix, AZ 85016
Telephone: (602) 900-1288
Email Address: ryan@kazlg.com
Lawyer's Bar Number: 032001
Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Petitioner OR ☐ Respondent



COPY
AUG 31 2017
MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Donald Gilbert, Individually and On Behalf of All Others Similarly Situated
PLAINTIFF,

vs.

Kelly Services, Inc.

DEFENDANT.

Case Number: CV2017-011800

## CERTIFICATE OF COMPULSORY ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs (does)/ does not exceed limits set by Local Rule for compulsory arbitration. This case is /(is not) subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this 31st day of August, 20 17.

BY _____
Ryan L. McBride

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
Page 1 of 1
CV00f - 030617
Use current version



COPY

| | |
|---|---|
| 1 | KAZEROUNI LAW GROUP, APC |
| 2 | Ryan L. McBride, Esq. (SBN 032001)<br>ryan@kazlg.com |
| 3 | 2633 E. Indian School Road, Ste. 460<br>Phoenix, AZ 85016 |
| 4 | Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 |

AUG 3 1 2017
MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
David J. McGlothlin, Esq. (SBN 026059)
david@westcoastlitigation.com
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

*Attorneys for Plaintiff,*
Donald Gilbert

### SUPERIOR COURT OF ARIZONA
### COUNTY OF MARICOPA

| | |
|---|---|
| DONALD GILBERT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC.,<br><br>Defendant. | Case No.: CV2017-011800<br><br><u>CLASS ACTION</u><br><br>**CERTIFICATION OF COMPLEXITY**<br><br>**JURY TRIAL DEMANDED** |

The undersigned certifies that this action is a complex case for the following reasons: 1) Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve; 2) Management of a large number of witnesses or a substantial amount of documentary evidence; 3) The case would benefit from permanent assignment to a judge who would have acquired a substantial body of knowledge in a specific area of the law; 4) Inherently complex legal issues; 5)

---

**CERTIFICATION OF COMPLEXITY**      1

Factors justifying the expeditious resolution of an otherwise complex dispute.

Dated: August 31, 2017                          Respectfully submitted,

**KAZEROUNI LAW GROUP**

By: _____
Ryan L. McBride, Esq.
Attorney for Plaintiff and
Putative Class

# In the Superior Court of the State of Arizona
## In and For the County of Maricopa

Case Number: CV 2017-011800

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language: _____

AUG 31 2017
MICHAEL K. JEANES, CLERK
R. MALLARD
DEPUTY CLERK

Plaintiff's Attorney: Ryan L. McBride

Attorney Bar Number: 032001

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #:    Email Address:
Donald Gilbert, Individually and On Behalf of All Others Similarly Situated

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    Kelly Services, Inc.

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:  ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☒ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. In addition, mark the appropriate box below in the "Nature of Action" case category. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O     ☐ 124 Other

Case No. _____

**130 CONTRACTS:**

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☒ 185 Employment Dispute-Other
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☒ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(h) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 120116